Filed 12/6/23  Brown v. Cedars-Sinai Medical Center CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ERIK BROWN, | B324446 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC689955) |
| v. | |
| CEDARS-SINAI MEDICAL CENTER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lawrence P. Riff, Judge.  Affirmed.

Sheppard, Mullin, Richter & Hampton, Richard J. Simmons, Daniel J. McQueen, Melissa M. Smith and Tyler J. Johnson for Defendant and Appellant.

Matern Law Group, Matthew J. Matern, Kiran Prasad, Mikael H. Stahle and Irina A. Kirnosova for Plaintiff and Respondent.

Defendant and appellant Cedars-Sinai Medical Center (Cedars-Sinai) appeals from a November 1, 2022 order denying its petition to compel arbitration of individual claims asserted by plaintiff and respondent Erik Brown on behalf of the California Labor and Workforce Development Agency under the Labor Code Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.)[1] (PAGA).[2] We affirm the trial court's order.

## BACKGROUND

Brown was employed by Cedars-Sinai from November 2003 until June 2017. Before commencing his employment, Brown executed a "Mutual Agreement to Arbitrate Claims" (arbitration agreement) in which he agreed to submit to binding arbitration any claim or controversy relating to his employment or termination of employment if the claim demands $25,000 or more.[3] Brown had worked 17 pay periods at the time Cedars-Sinai terminated his employment in June 2017.

---

[1] All further statutory references are to the Labor Code.

[2] The November 1, 2022 order also denied Cedars-Sinai's motion to dismiss nonindividual PAGA claims Brown asserted on behalf of other aggrieved Cedars-Sinai employees. Cedars-Sinai does not challenge that portion of the trial court's order.

[3] In the arbitration agreement, the parties agreed "to submit all claims or controversies in any way relating to or associated with your employment or the termination of employment ('Claims'), to the Conflict Resolution Procedure of the Medical Center. If a Claim is not resolved by the Conflict Resolution Procedure, and if the Claim demands $25,000.00 or more, you and Cedars-Sinai agree that the Claim will be resolved exclusively by binding arbitration." The parties further agreed that "[i]f any part of this Agreement is found to be void or

Brown commenced this action against Cedars-Sinai in January 2018, alleging a single cause of action under PAGA for his individual Labor Code violation claims and nonindividual claims on behalf of "other similarly aggrieved current and former non-exempt employees." He sought to recover unpaid wages and civil penalties for "illegal rest period policies, failure to pay all wages due to discharged and quitting employees, failure to provide accurate itemized wage statements, failure to maintain required records," and for "interest, attorneys' fees, costs, and expenses." On the civil case cover sheet accompanying his complaint, Brown checked the box indicating the amount demanded exceeds $25,000. The prayer for relief in Brown's complaint sought "civil penalties according to proof, including but not limited to the amount of any unpaid wages of PLAINTIFF and other aggrieved employees and all penalties authorized by the Labor Code §§ 210, 226.3, 558, 1174.5, 1197.1, and 2699(a) and (f)," in addition to interest, attorney fees, and costs.

In June 2022, Cedars-Sinai moved to compel arbitration of Brown's individual PAGA claims and to dismiss the nonindividual PAGA claims asserted on behalf of other aggrieved employees. Cedars-Sinai based its motion on *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. __ [142 S.Ct. 1906], in which the United States Supreme Court held that the Federal Arbitration Act (9 U.S.C. § 1 et seq.) (FAA) preempted the California state law rule that invalidated agreements to arbitrate "'individual PAGA claims for Labor Code violations that an employee suffered,'" overruling *Iskanian v. CLS Transportation*

---

unenforceable, that part will be eliminated, and the rest of this Agreement will remain in full force."

3

*Los Angeles, LLC* (2014) 59 Cal.4th 348. (*Viking River*, at
p. 1923, quoting *Iskanian*, at p. 383.)

In its motion, Cedars-Sinai argued that Brown's action
came within the arbitration agreement because the complaint
alleged employment-related claims, and the civil case cover sheet
filed with the complaint contained a judicial admission that
Brown's claims demanded more than $25,000. Cedars-Sinai
further argued that Brown's demand exceeded $25,000 even if
the trial court considered only Brown's individual PAGA claims.
Cedars-Sinai reasoned as follows: Brown's potential recovery in
civil penalties alone would exceed the $25,000 threshold in the
arbitration agreement if he sought to recover only the $100
default penalty available under PAGA for each of the 10 alleged
Labor Code violations during the initial pay period he worked (10
violations x 1 pay period x $100 = $1,000), and the $200 default
penalty for the 16 remaining pay periods he worked (10 violations
x 16 pay periods x $200 = $32,000), for a total potential recovery
of $33,000 ($1,000 + $32,000).[4]

In opposing the motion to compel arbitration, Brown
argued that Cedars-Sinai failed to meet its burden of proving the

---

[4]     Under PAGA, the civil penalty for an initial violation is
$100 per employee per pay period, and the penalty for each
subsequent violation is $200 per employee per pay period.
Section 2699, subdivision (f)(2) provides: "For all provisions of
this code except those for which a civil penalty is specifically
provided, there is established a civil penalty for a violation of
these provisions, as follows: [¶] . . . [¶] . . . If, at the time of the
alleged violation, the person employs one or more employees, the
civil penalty is one hundred dollars ($100) for each aggrieved
employee per pay period for the initial violation and two hundred
dollars ($200) for each aggrieved employee per pay period for
each subsequent violation."

existence of an agreement to arbitrate his individual PAGA claims. He maintained there was no evidence that his individual PAGA claims demanded $25,000 or more; Cedars-Sinai's valuation of the individual PAGA claims was speculative; Cedars-Sinai conceded that imposition of the default $100 statutory penalty under section 2699, subdivision (f) alone would not bring his claims within the $25,000 arbitration threshold; and without imposing the additional $200 statutory penalty, the dispute did not come within the scope of the arbitration agreement. Brown further argued that because Cedars-Sinai had moved to compel arbitration of only the individual PAGA claims, the value of the nonindividual claims was not at issue and should not be considered.

On November 1, 2022, following a hearing at which the parties argued, the trial court issued an order denying the motion to compel arbitration. The court found that Cedars-Sinai failed to meet its burden of showing that Brown's individual PAGA claims demand $25,000 or more as required by the arbitration agreement. The trial court stated: "While the whole of the PAGA claims exceed $25,000 as shown on the civil cover sheet, one cannot discern that Brown's 'individual' PAGA claims exceed that sum. To the extent that Cedars-Sinai invites the court to parse evidence at this point to determine the amount of such claim, the court respectfully declines. [¶] As Brown notes, an employee affected by at least one Labor Code violation may pursue penalties on the state's behalf for unrelated violations by the same employer. [Citation.] The plaintiff's 'individual' PAGA claim might therefore demand only $100 in penalties, excusing the Claim from arbitration under the Agreement, while as to other aggrieved employees, the plaintiff seeks penalties that in the aggregate total far more than the $25,000."

5

This appeal followed.

## DISCUSSION

### I. Standard of review

"Generally, the standard of review applicable to the denial of a petition to compel arbitration is determined by the issues presented on appeal [citation]. To the extent the denial relies on a pertinent factual finding, we review that finding for the existence of substantial evidence. [Citation.] In contrast, to the extent the denial relies on a determination of law, we review the trial court's resolution of that determination de novo." (*Bautista v. Fantasy Activewear, Inc.* (2020) 52 Cal.App.5th 650, 655.) Whether an arbitration agreement applies to a controversy is a question of law to which we apply our independent judgment when no conflicting extrinsic evidence in aid of interpretation was introduced in the trial court. (*Ahern v. Asset Management Consultants, Inc.* (2022) 74 Cal.App.5th 675, 687.)

Finally, when an order denying a motion to compel arbitration is based on the trial court's finding that the petitioner failed to carry its burden of proof, the reviewing court must determine whether that finding was erroneous as a matter of law. (*Trinity v. Life Ins. Co. of North America* (2022) 78 Cal.App.5th 1111, 1121 (*Trinity*).) ""Specifically, the question becomes whether the appellant's evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.'"" (*Ibid.*)

### II. Applicable law

The parties do not dispute that the FAA governs the arbitration agreement. "The FAA embodies a clear federal policy in favor of arbitration" (*Simula, Inc. v. Autoliv, Inc.* (9th

Cir.1999) 175 F.3d 716, 719), and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration" (*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.* (1983) 460 U.S. 1, 24-25).  When determining the rights of parties to enforce an arbitration agreement governed by the FAA, courts apply state contract law while giving due regard to the federal policy favoring arbitration.  (*Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University* (1989) 489 U.S. 468, 474.)

Code of Civil Procedure section 1281.2 requires a trial court to grant a petition to compel arbitration "if [the court] determines that an agreement to arbitrate the controversy exists."  A party seeking to compel arbitration bears the burden of proving by a preponderance of the evidence the existence of a valid arbitration agreement that covers the dispute at issue.  (*Trinity, supra*, 78 Cal.App.5th at p. 1120; *Nixon v. AmeriHome Mortgage Co., LLC* (2021) 67 Cal.App.5th 934, 946; *Larian v. Larian* (2004) 123 Cal.App.4th 751, 760.)  "[T]he policy favoring arbitration ' "does not override ordinary principles of contract interpretation." . . . "'[T]he terms of the specific arbitration clause under consideration must reasonably cover the dispute as to which arbitration is requested."'"  (*Vaughn v. Tesla, Inc.* (2023) 87 Cal.App.5th 208, 218-219.)  "[A] court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute*."  (*Granite Rock Co. v. International Brotherhood of Teamsters* (2010) 561 U.S. 287, 297.)

Once the petitioning party has met its burden of proving the existence of an agreement to arbitrate the dispute, the burden shifts to the party opposing arbitration to prove by a preponderance of the evidence any fact necessary to its defense, such as fraud, waiver, or unconscionability.  (*Engalla v.*

7

*Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972-976; *Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413.)  Some California appellate courts have imposed an additional burden "upon the party opposing arbitration to demonstrate that an arbitration clause *cannot* be interpreted to require arbitration of the dispute." (*Coast Plaza Doctors Hospital v. Blue Cross of California* (2000) 83 Cal.App.4th 677, 686-687 (*Coast Plaza*); accord, *Howard v. Goldbloom* (2018) 30 Cal.App.5th 659, 663; *Aanderud v. Superior Court* (2017) 13 Cal.App.5th 880, 890.)

## III.  No error in denial of petition to compel arbitration

Citing the *Coast Plaza* line of cases, Cedars-Sinai contends it met its burden of proving the existence of an agreement to arbitrate the individual PAGA claims, thereby shifting to Brown the burden of proving those claims fall outside the scope of the arbitration agreement.  We disagree.  The arbitration agreement itself sets a $25,000 minimum threshold for arbitrable claims.  Interpretation of that agreement is not at issue, and the contract language imposing the $25,000 arbitration threshold is clear and unambiguous in any event.  Cedars-Sinai failed to prove by a preponderance of the evidence that Brown's demand for his individual PAGA claims meets the $25,000 threshold.  The burden of proof accordingly did not shift to Brown.

The civil case cover sheet Brown filed with his complaint is not, as Cedars-Sinai contends, a judicial admission that Brown's individual PAGA claims demand more than $25,000.  "Judicial admissions may be made in a pleading, by stipulation during trial, or by response to request for admission." (*Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 746.)  Not every document filed by a party is a pleading from which a judicial admission may be extracted.  (*Ibid*.)  A civil case cover

8

sheet, for example, is for the court's use "for statistical purposes and may affect the assignment of a complex case." (Cal. Rules of Court, rule 3.220(a).) A plaintiff's claims are stated in his or her pleadings, not on an administrative cover sheet.

Even if the civil case cover sheet Brown filed with his complaint could be deemed an admission that the individual PAGA claims Brown asserts on his own behalf, together with the nonindividual PAGA claims he asserts on behalf of other employees, collectively demand more than $25,000, such an admission would not establish that Brown's individual PAGA claims alone demand $25,000.

Cedars-Sinai's valuation of Brown's individual PAGA claims is insufficient to establish that those claims demand $25,000 or more. Brown's complaint seeks to recover "civil penalties according to proof, including but not limited to the amount of any unpaid wages" owed to him, but alleges no specific or minimum amount of penalties sought. Cedars-Sinai's calculation of the minimum statutory penalties Brown may recover for alleged violations during his initial pay period is substantially below the $25,000 arbitration threshold. Under Cedars-Sinai's own analysis, the $25,000 threshold is exceeded only if Brown can successfully prove not only the alleged violations during his initial pay period, but subsequent violations during the ensuing pay periods as well.[5] Whether or not Brown

_____

[5] We disregard Cedars-Sinai's argument that attorney fees should be included in the valuation of Brown's individual PAGA claims when determining whether the demand for those claims exceeds the $25,000 threshold, as Cedars-Sinai failed to raise this argument in its opening appellate brief. (*Shade Foods, Inc. v. Innovative Products Sales & Marketing* (2000) 78 Cal.App.4th 847, 894, fn. 10.)

will succeed in doing so is uncertain. Cedars-Sinai's valuation analysis is not """"of such a character and weight as to leave no room for a judicial determination that it was insufficient"""" to prove that the demand for Brown's individual PAGA claims exceeds $25,000. (*Trinity, supra*, 78 Cal.App.5th at p. 1121; see *Ibarra v. Manheim Investments, Inc.* (9th Cir. 2015) 775 F.3d 1193, 1199 [when a damages assessment is based on assumptions, "those assumptions cannot be pulled from thin air but need some reasonable ground underlying them"].)

Cedars-Sinai failed to meet its initial burden of proving, by a preponderance of the evidence, the existence of an agreement to arbitrate the parties' particular dispute. The trial court did not err by denying the petition to arbitrate.

## DISPOSITION

The order denying the petition to compel arbitration is affirmed. Brown shall recover his costs on appeal.

_____

CHAVEZ, J.

We concur:

_____

LUI, P. J.

_____

ASHMANN-GERST, J.